## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

In the matter of the Arbitration between )
VERMILION COAL COMPANY, )
) Case No. 07-cv-0282
         Petitioner, )
) Judge Michael P. McCuskey
   v. )
) Magistrate Judge
) David G. Bernthal
BLACK BEAUTY COAL COMPANY )
)
         Respondent. )

### VERMILION'S MOTION TO VACATE IN PART ARBITRATION AWARD

Plaintiff, Vermilion Coal Company ("Vermilion" or "Petitioner"), by and through its attorneys, Deborah G. Cole and John Barr move this court pursuant to the Federal Arbitration Act, *9 U.S.C. A. §6* and *9 U.S.C. A. §10 (a) (2), (3) and (4),* the Federal Rules of Civil Procedure, and the applicable federal and state laws for the State of Illinois to Vacate in Part the Award of the Arbitration Panel states as follows:

    1.    This matter comes before the Court on Plaintiff's Complaint to Vacate in Part Arbitration Award (which is incorporated in its entirety by reference herein).

    2.    Plaintiff moves to vacate in part the Award issued by the three person arbitration Panel. The Final Award was issued on January 31, 2007, and delivered to Petitioner on February 7, 2007 (the "Final Award").

    3.    The Federal Arbitration Act *9 U.S.C. A. §10 (a)* states, in pertinent part, that this Court may vacate an arbitration award upon application of any party to the arbitration as follows:

(2) where there was evident partiality…in the arbitrators, or either of them;
(3) where the arbitrators were guilty of misconduct in …refusing to hear evidence

pertinent and material to the controversy… or
(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." …

4. Vermilion moves this Court to vacate those parts of the Award relating to: (i) The denial of Vermilion's claims for breach of contract; (ii) Default/termination; (iii) Anticipatory repudiation; (iv) Fraud; (v) Breach of express duty of good faith and fair dealing; (vi) The remedies for such claims; and (vii) The failure to include expert and attorneys' fees expended by Vermilion in the award of costs.

5. Pursuant to 9 U.S.C. § 10(a) (4) of the Federal Arbitration Act, the Award should be vacated as to the rulings regarding breach, default/termination, repudiation, fraud, good faith/fair dealing and Vermilion's remedies, costs and fees for the arbitration on the grounds that the Umpire Arbitrator exceeded his powers by failing to follow the clear or defined terms of the Lease; the Award otherwise failed to draw its essence from the agreements of the parties; or, the Umpire Arbitrator imperfectly executed his powers as demonstrated by the following:

    a. In his Award, the Umpire Arbitrator **overrode the express provisions of** Section 22.1(a) of the Lease in ruling that Black Beauty's improper deduction of BLET/AMLF was not an event of default entitling Vermilion to remedies including termination and damages.

    b. In arriving at his decision and award, the Umpire Arbitrator refused to be bound by state and federal law applicable to the substantive issue or issues so submitted for arbitration as required by Section 24.1 of the Lease.

c.  The Umpire Arbitrator ruled that the Lease was not terminated in accordance with its own stated terms because of Black Beauty's willful refusal to cure its default as required by the contract.

d.  The award concludes that arbitration is a condition precedent to default/termination or the fact of a breach. The Lease does not contain any such requirement for arbitration.

e.  The Interim Award includes a ruling based upon a theory of good-faith breach of contract or equitable grounds for denying Vermilion damages for Black Beauty's breach of contract.

f.  The Umpire Arbitrator denied Vermilion recovery for payment deficiencies prior to November 1, 1999 in contradiction to Sections 14.1 and 22.4 of the Agreement. Section 14.1 *inter alia* grants Lessee the right to assign its interest or rights **with the written assumption by the transferee of all of the obligations of Lessee in a form satisfactory to Lessor.** Section 22.4 contains a non-waiver clause, such that no failure by Lessor to: insist upon the strict performance of any part of the lease; exercise any right, power or remedy consequent upon a breach thereof; and no acceptance of full or partial performance or payment of royalties during the continuance of any such breach, shall constitute a waiver of or consent to any such breach.

g.  The Umpire Arbitrator determined that Black Beauty's practice in improperly deducting BLET/AMLF from its calculation of royalties and wheelage due to Vermilion constituted a "breach for monetary

      compensation" which did not go to the essence of the contract such as to constitute it to be a total breach.

    h.    The Umpire Arbitrator's Decision and Award propounds a theory of good-faith breach of contract, contrary to any applicable law.

    i.    The Umpire Arbitrator determined that Black Beauty did not repudiate the Lease despite the undisputed fact that Black Beauty perfected its repudiation by clearly stating its refusal to perform in the future while continuing its present breach, and despite undisputed evidence that Vermilion demanded payments due and adequate assurance of specific performance.

    j.    The Umpire Arbitrator determined that Black Beauty did not commit fraud despite overwhelming evidence that Black Beauty reported selling prices that had been adjusted for severance taxes without disclosing the adjustment and that Black Beauty's internal reporting proved it had not incurred any severance taxes.

    6.    Pursuant to 9 U.S.C. § 10(a)(2) of the Federal Arbitration Act, the Award should be vacated as to the rulings regarding breach, default/termination, repudiation, fraud, good faith/fair dealing and Vermilion's remedies, costs and fees for the arbitration on the grounds that the Umpire Arbitrator demonstrated evident partiality.  Specifically, Section 26 of the Lease includes an express covenant of good faith and fair dealing. The evidence has shown that Black Beauty persistently and flagrantly breached its duty of good faith dealing by vexatiously resisting Vermilion's attempts to enforce the Lease, by driving up Vermilion's costs of arbitrating this matter, and by retaliating against

Vermilion for its efforts to enforce the Lease. However, in his Award Umpire Arbitrator Lambros studiously ignored Vermilion's entreaties for the benefit of its bargain in this regard; and actually turned the argument around and threw it in Vermilion's face by conjuring "quasi-good-faith affirmative defenses" for Black Beauty (not raised by Black Beauty) in the matters of breach, default/termination, repudiation, and fraud, contrary to the express provisions of the Lease and applicable Illinois law. These quasi good faith affirmative defenses raised *sua sponte* by the Umpire Arbitrator demonstrate evident partiality on the part of the Umpire Arbitrator.

7. Pursuant to 9 U.S.C. § 10(a) (3) of the Federal Arbitration Act, the rulings regarding breach, default/termination, repudiation, and fraud in the Award should be vacated as to those portions denying Vermilion's remedies and damages, including Vermilion's expert and attorneys' fees, for Black Beauty's breach of its obligations under the express provisions of the Lease on the grounds that the Umpire Arbitrator refused to hear evidence material to the controversy. Specifically, the Panel's Order of August 24, 2004, bifurcated liability issues from accounting, damages and termination. Contrary to his own order, the Umpire Arbitrator preemptively, and without notice decided the matters that were bifurcated for a second hearing on remedies issues. Vermilion was denied the opportunity to present evidence on the remedies for breach, including termination.

8. Arbitration of this matter has utterly failed to provide its promised benefits of promptness and economy. The arbitrators' awards failed to make Vermilion whole for nearly $200,000 (including interest) of prior period underpayments. Vermilion was awarded less than 2/3 of its costs of arbitration (excluding expert fees which experts

were retained pursuant to the Umpire Arbitrator's request for extrinsic evidence relating to the custom and practice in the industry following the hearing on the parties' motions for summary judgment) and none of the legal fees it incurred in the agonizing and drawn-out arbitration process. The Umpire Arbitrator did not apply the applicable substantive law as required under the express provisions of the Lease in his denial of Vermilion's remedies including termination, and its claims for breach of contract, repudiation, fraud, and breach of Black Beauty's express duty of good faith dealing and the Umpire Arbitrator's rulings disregarded the stated terms of the Lease and the requirements of applicable law.

**WHEREFORE**, Petitioner respectfully moves this Court for an order:

(a) granting Petitioner leave to file a memorandum of law in support of its Motion to Vacate in Part pursuant to *9 U.S.C. A. §10 (a) (2), (3) and, (4)*;

(b) vacating those parts of the Award pursuant to *9 U.S.C. A. §10 (a) (2), (3) and, (4)* denying Vermilion's claims for: (i) Breach of contract; (ii) Default/termination; (iii) Anticipatory repudiation; (iv) Fraud; (v) Breach of express duty of good faith and fair dealing; and, (vi) The remedies for such claims; and (vii) Vermilion's costs for expert and attorneys' fees;

  (c) Petitioner further requests the court to either decide the vacated issues itself, or to remand the determination of those issues to a new panel of arbitrators for a determinative hearing.

            Respectfully submitted,
            s/Deborah G. Cole
            ARDC No. 6184808
            Attorney for Vermilion Coal Company

Deborah G. Cole
DGCole Law
1400 North LaSalle Street
Chicago, Illinois
Phone: (312) 751-0272
Fax: (312) 751-4133
ARDC No. 6184808
dcole@dgcolelaw.com

John Barr
Barr & Barr
1301 East Mound Road, Suite 350
Decatur, IL 62525-0050
Tel: (217) 875-5311
Fax: (217)875-5742
ARDC No. 00120308
sej4barr@aol.com

CERTIFICATE OF SERVICE

    I hereby certified that on April 26, 2007, I electronically filed **VERMILION'S MOTION TO VACATE IN PART ARBITRATION AWARD**, with the Clerk of the Court using CM/ECF System, a copy of said document was also sent by depositing same in the United States Mail at 130 East Randolph Street, Chicago, Illinois, before 5:00 p.m. on April 26, 2007, with proper prepaid postage to the following individuals/entities:

Mr. Charles Compton
Ziemer, Stayman, Weitzel & Shoulder, LLP
20 Northwest First Street
Evansville, IN 47706

CT Corporation System
251 E. Ohio Street, Suite 1100
Indianapolis, IN 46204

Tom Dietrich, Esq.
Senior Counsel for Peabody Energy Corp.
701 Market Street
St. Louis, MO 63101

                s/Deborah G. Cole
                ARDC No.: 6184808