UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| In the matter of the Arbitration between ) | |
| VERMILION COAL COMPANY, ) | Case No. 2:07-cv-02082-MPM-DGB |
| Petitioner, ) | |
|  ) | Judge Michael P. McCuskey |
| v. ) | |
|  ) | Magistrate Judge |
|  ) | David G. Bernthal |
| BLACK BEAUTY COAL COMPANY ) | |
| Respondent. ) | |

**BLACK BEAUTY COAL COMPANY'S ANSWER TO VERMILION'S**
**COMPLAINT TO VACATE IN PART ARBITRATION AWARD**

The Respondent, Black Beauty Coal Company, LLC ("Black Beauty"), for its Answer to Vermilion's Complaint to Vacate In Part Arbitration Award ("Complaint") states as follows:

1.      Black Beauty admits that Vermilion Coal Company ("Vermilion") has commenced an action to vacate "in part" the award issued by a three person arbitration panel ("Arbitration Panel"), but denies that the remedy Vermilion seeks is available. Specifically, 9 U.S.C.A. §10 does not permit that an arbitral award be vacated "in part."

**Nature of the Case**

The "Nature of the Case" section of Vermilion's Complaint violates the spirit, if not the letter, of Rule 8 of the Federal Rules of Civil Procedure. None of the allegations therein contain a short and plain statement of Vermilion's claims. The Nature of the Case contains misstatements of facts and mischaracterization of events pertinent to this action and as such should be stricken. To the extent that the Nature of the Case section is not stricken, Black Beauty for its Answer states as follows:

2. In response to rhetorical paragraph 2 of Vermilion's Complaint, Black Beauty admits that it deducted Black Lung Excise Tax ("BLET") and Abandoned Mine Land Fees ("AMLF") in computing royalties and wheelage, but denies the remaining allegations contained in paragraph 2 of Vermilion's Complaint.

3. In response to rhetorical paragraph 3 of Vermilion's Complaint, Black Beauty admits that the Arbitration Panel determined that BLET and AMLF were not "severance taxes" subject to deduction in royalty and wheelage calculations. Black Beauty denies that it took three years and seven months before a final decision and award was issued by the Arbitration Panel. Black Beauty affirmatively states and alleges that the Arbitration Panel issued its final Decision and Award on March 28, 2005. Black Beauty further denies that Vermilion was "forced" to spend any amounts in attorneys' fees and costs or that the Umpire Arbitrator acted contrary to applicable law in denying Vermilion the remedies it sought in the arbitration.

4. In response to rhetorical paragraph 4 of Vermilion's Complaint, Black Beauty admits that the Arbitration Panel consisted of Vermilion's party arbitrator, Susan Getzendanner, Black Beauty's party arbitrator, G. Daniel Kelley, Jr., Esq., and Thomas Lambros, acting as the Umpire Arbitrator (hereinafter collectively referred to as the "Arbitration Panel"). Black Beauty denies that the "final" award was issued on January 31, 2007 and affirmatively alleges that the Arbitration Panel's Decision and Award dated March 28, 2005 constituted the final award subject to an appeal by the parties thereto.

5. In response to rhetorical paragraph 5 of Vermilion's Complaint, Black Beauty denies that Vermilion is entitled to the relief it requests. Specifically, Vermilion is not entitled to an award vacating the arbitral award "in part." Black Beauty denies that the Umpire Arbitrator committed the errors Vermilion alleges and affirmatively states and alleges that the acts of the

Umpire Arbitrator were in accordance with the discretion vested in him by the Lease and applicable law.

### The Parties

6.  Black Beauty admits the allegations contained in rhetorical paragraph 6 of Vermilion's Complaint.

7.  Black Beauty admits the allegations contained in rhetorical paragraph 7 of Vermilion's Complaint.

8.  In response to rhetorical paragraph 8 of Vermilion's Complaint, Black Beauty denies that it is an Indiana general partnership. Black Beauty admits that its principal place of business is in the State of Indiana and that it conducts business in the Central District of Illinois. Black Beauty affirmatively states and alleges that it is a limited liability company organized under the laws of the State of Indiana.

### JURISDICTION AND VENUE

9.  Black Beauty admits the allegations contained in rhetorical paragraph 9 of Vermilion's Complaint.

10. Black Beauty admits the allegations contained in rhetorical paragraph 10 of Vermilion's Complaint.

### Factual Allegations[1]

11. Black Beauty admits the allegations contained in rhetorical paragraph 11 of Vermilion's Complaint.

---

[1] The "Appendix" Vermilion attached to its Complaint violates the spirit and the letter of FRCP 8 as it is essentially a long narrative of Vermilion's view of its case before the Arbitration Panel. It does not contain a short and plain statement of Vermilion's claims; rather, it contains numerous

12. In response to rhetorical paragraph 12 of Vermilion's Complaint, Black Beauty admits that prior to the commencement of the arbitration proceedings it deducted BLET and AMLF as "sales tax and/or severance." Black Beauty also admits that its position was that the deductions were proper under Section 2.4 of the Lease and that it was not responsible for prior period obligations from periods before it acquired the Lease from Catlin. Black Beauty denies the remaining allegations contained in rhetorical paragraph 12 of Vermilion's Complaint.

13. Black Beauty denies the allegations contained in rhetorical paragraph 13 of Vermilion's Complaint.

14. In response to rhetorical paragraph 14 of Vermilion's Complaint, Black Beauty admits that Exhibit C to Vermilion's Complaint is a true and accurate copy of a letter it received which was dated May 12, 2003. Black Beauty further admits that Vermilion filed a lawsuit seeking injunctive and declaratory relief, but after Black Beauty filed a Motion to Compel Arbitration, the matter was submitted to arbitration in accordance with Section 24.1 of the Lease. Black Beauty denies the remaining allegations contained in rhetorical paragraph 14 of Vermilion's Complaint.

15. In response to rhetorical paragraph 15 of Vermilion's Complaint, Black Beauty affirmatively states and alleges that the Lease speaks for itself. Black Beauty admits that "the role of the Panel is to resolve disputes which arise under the Lease."

16. Black Beauty admits the allegations contained in rhetorical paragraph 16 of Vermilion's Complaint.

---

misstatements of facts and mischaracterizations of events pertinent to this action. To the extent a response to the "Appendix" is necessary, it is wholly denied and should be stricken.

17. In response to rhetorical paragraph 17 of Vermilion's Complaint, Black Beauty admits that the parties filed cross motions for summary judgment on the issue of the deductibility of BLET and AMLF and that in support of its motion, Black Beauty attached an Affidavit of Professor Peter Maxfield. Black Beauty further admits that the Arbitration Panel heard arguments of counsel on their motions for summary judgment and reserved its ruling thereon. Black Beauty admits that Umpire Arbitrator Lambros requested that the parties present extrinsic evidence on the issues of intent and customs and practices in the coal mine industry. Black Beauty admits that Vermilion retained numerous persons who Vermilion deemed to be experts and deposed numerous persons prior to the arbitration hearing. Black Beauty denies the remaining allegations contained in rhetorical paragraph 17 of Vermilion's Complaint.

18. Black Beauty admits the allegations contained in rhetorical paragraph 18 of Vermilion's Complaint. Black Beauty affirmatively states and alleges that Vermilion refers to the incorrect exhibits to its Complaint within paragraph 18 of Vermilion's Complaint.

19. Black Beauty admits that the parties presented evidence and arguments during a two-week long arbitration hearing in Cleveland, Ohio ("Arbitration Hearing"). Black Beauty is without sufficient information to either admit or deny the remaining allegations contained in rhetorical paragraph 19 of Vermilion's Complaint.

20. In response to rhetorical paragraph 20 of Vermilion's Complaint, Black Beauty admits that the Arbitration Panel issued its Decision and Award on March 28, 2005 with both party arbitrators filing dissents and the Decision of Umpire Arbitrator Lambros controlling. Black Beauty further admits that following the issuance of the Decision and Award, the parties entered into negotiations relating to the payment of previously deducted BLET or AMLF in accordance with the Decision and Award. Black Beauty admits that it paid Vermilion Three Hundred

5

Seventy-two Thousand Three Hundred Twenty-nine and 44/100 Dollars ($372,329.44) on September 9, 2005. Black Beauty denies the remaining allegations contained in rhetorical paragraph 20 of Vermilion's Complaint.

21. In response to rhetorical paragraph 21 of Vermilion's Complaint, Black Beauty admits that in June of 2006, Vermilion filed its notice of Vermilion's Voluntary Dismissal of Reserved Issues Pursuant to FRCP 41(a)(1), its Motion to Finalize Order and for an Award of Costs and Attorneys' Fees, and its Bill of Costs and Attorneys' fees. Black Beauty also admits that Black Beauty filed its Memorandum of Law in Opposition to Vermilion's Motion for Award of Costs and Attorneys' Fees and Cross-Motion for Award of Costs on or about August 10, 2006. Black Beauty admits that the Arbitration Panel issued its Order on the parties' motions after the cross motions were fully briefed. The Arbitration Panel issued its Order with both party arbitrators filing dissents and Umpire Arbitrator Lambros' Decision controlling. To the extent that Vermilion asserts additional allegations in paragraph 21 of Vermilion's Complaint, Black Beauty denies same.

### Procedural History of Arbitration Proceedings

22. In response to rhetorical paragraph 22 of Vermilion's Complaint, Black Beauty denies that Exhibit F to Vermilion's Complaint contains the arbitration demands filed by the parties. Black Beauty affirmatively states and alleges that a true and accurate copy of the document Vermilion submitted to the Arbitration Panel entitled "Vermilion's Issues for Arbitration" is attached to Vermilion's Complaint as Exhibit E and that a true and accurate copy of the Arbitration Panel's "Order Regarding Issues to Be Arbitrated at 11/9/04 Hearing" is attached to Vermilion's Complaint as Exhibit F.

23. In response to rhetorical paragraph 23 of Vermilion's Complaint, Black Beauty denies Vermilion's allegations and affirmatively states and alleges that the Arbitration Panel issued an order on or about August 24, 2004 wherein the parties were ordered to present evidence and argument as to not only whether BLET and AMLF constituted "sales tax and/or severance" to be deducted from the Gross Sales Price pursuant to the terms of the Lease, but of several additional issues that Vermilion requested the Arbitration Panel hear, including, but not limited to, the following:

    (a)    Whether Black Beauty breached its expressed and implied duty of good faith in fair dealing under the Lease;

    (b)    Whether Defendants' actions constituted "Events of Default" under Section XXII of the Lease entitling Plaintiff to seek all remedies including termination of the Lease;

    (c)    Whether Defendants continued deduction of the BLET and AMLF constituted Defendants' actual or anticipatory repudiation of the Lease;

    (d)    Whether the Lease was terminated; and

    (e)    Whether Defendants' conduct amounted to fraud.

**Pre-Hearing Orders of the Panel**

24. In response to rhetorical paragraph 24 of Vermilion's Complaint, Black Beauty admits that the Arbitration Panel issued orders prior to the arbitration hearing and that in its initial Scheduling Order the Arbitration Panel declined to order bifurcation of liability and damages, because the parties did not agree to the scope of the bifurcation.

25. In response to rhetorical paragraph 25 of Vermilion's Complaint, Black Beauty admits that the parties filed cross-motions for summary judgment, conducted depositions relating

to the parties' motions for summary judgment, and presented oral argument to the Arbitration Panel on the cross-motions. Black Beauty further admits that the Arbitration Panel did not issue a ruling on the motions for summary judgment but reserved resolution of the summary judgment motions for the Arbitration Hearing. Black Beauty lacks sufficient information or knowledge to either admit or deny Vermilion's stated motive or purpose for filing its motion for summary judgment. To the extent that Vermilion has made additional allegations in paragraph 25 of its Complaint, Black Beauty denies same.

26. In response to rhetorical paragraph 26 of Vermilion's Complaint, Black Beauty admits that Vermilion tendered to the Arbitration Panel its Issues for Arbitration and that the Arbitration Panel issued its order regarding Vermilion's Issues for Arbitration on August 24, 2004. Black Beauty affirmatively asserts that the Arbitration Panel's August 24, 2004 Order speaks for itself and a true and accurate copy of same is attached to Vermilion's Complaint as Exhibit F. To the extent that Vermilion has made additional allegations in paragraph 26 of its Complaint, Black Beauty denies same.

27. Black Beauty lacks sufficient information or knowledge to either admit or deny Vermilion's stated purpose and motive for retaining persons to whom it referred as experts during the arbitration proceedings. Black Beauty admits that the Arbitration Panel allowed Vermilion to offer the testimony of the persons Vermilion identified as experts at the Arbitration Hearing. To the extent that Vermilion asserts additional allegations in paragraph 27 of Vermilion's Complaint, Black Beauty denies same.

28. In response to rhetorical paragraph 28 of Vermilion's Complaint, Black Beauty denies that Vermilion was precluded from presenting any evidence during the Arbitration Hearing. Black Beauty affirmatively states that Vermilion waived its right to present any evidence or

arguments that it failed to offer during the Arbitration Hearing. To the extent that Vermilion has asserted any additional allegations in the text of paragraph 28 of Vermilion's Complaint, Black Beauty denies same.

29. Black Beauty admits the allegations contained in rhetorical paragraph 29 of Vermilion's Complaint.

**Interim Decision and Award on Bifurcated Liability Issues**

30. In response to rhetorical paragraph 30 of Vermilion's Complaint, Black Beauty affirmatively states and alleges that the April 8, 2005 Decision and Award of the Arbitration Panel speaks for itself. To the extent that Vermilion makes any additional allegations in paragraph 30 of its Complaint, Black Beauty denies same.

31. In response to rhetorical paragraph 31 of Vermilion's Complaint, Black Beauty affirmatively asserts that the Decision and Award speaks for itself. To the extent that Vermilion has made additional allegations in paragraph 31 of Vermilion's Complaint, Black Beauty denies same.

32. In response to rhetorical paragraph 32 of Vermilion's Complaint, Black Beauty admits that it reached a consensual resolution with Vermilion regarding the amounts due to Vermilion that arose out of Black Beauty's AMLF and BLET deductions. Black Beauty further admits that it made payment to Vermilion in the amount of Three Hundred Seventy-two Thousand Three Hundred Twenty-nine and 44/100 Dollars ($372,329.44) on September 9, 2005. Black Beauty denies that Vermilion was "denied the opportunity to present" any evidence or any argument at the Arbitration Hearing. Black Beauty affirmatively states and alleges that Vermilion waived its right to present any evidence or arguments that it failed to offer during the Arbitration Hearing. Black Beauty is without sufficient knowledge or information to either admit or deny

whether Vermilion was "uncertain as how to proceed" in light of the Award and Decision. To the extent that Vermilion asserts additional allegations in paragraph 32 of its Complaint, Black Beauty denies same.

33. In response to rhetorical paragraph 33 of Vermilion's Complaint, Black Beauty admits that Vermilion filed its Motion to Finalize Order and for an Award of Costs and Attorneys' Fees in excess of fifteen months after the Arbitration Panel's issuance of its Decision and Award. Black Beauty affirmatively states and alleges that Vermilion's Motion to Finalize Order and for an Award of Costs and Attorneys' Fees speaks for itself. To the extent that Vermilion makes additional allegations in paragraph 33 of its Complaint, Black Beauty denies same.

34. Black Beauty admits that allegations contained in rhetorical paragraph 34 of Vermilion's Complaint.

**Final Decision and Award**

35. In response to rhetorical paragraph 35 of Vermilion's Complaint, Black Beauty admits that the Arbitration Panel issued an order entitled "Final Decision and Award on Bifurcated Remedial Issues" on January 31, 2007. Black Beauty affirmatively states and alleges that the Final Decision and Award on Bifurcated Remedial Issues speaks for itself. To the extent that Vermilion asserts additional allegations in paragraph 35 of its Complaint, Black Beauty denies same.

36. In response to rhetorical paragraph 36 of Vermilion's Complaint, Black Beauty affirmatively states and alleges that the Final Decision and Award on Bifurcated Remedial Issues speaks for itself. To the extent that Vermilion makes additional allegations in paragraph 36 of its Complaint, Black Beauty denies same.

**Grounds for Vacating the Arbitration Award**

## COUNT I

37. Black Beauty repeats and realleges its answers to paragraphs 1-36 above as if fully set forth herein.

38. In response to rhetorical paragraph 38 of Vermilion's Complaint, Black Beauty denies that the arbitrators' powers were so constrained by the terms of the Lease. Black Beauty further states and alleges that the Lease and all provisions thereof speak for themselves. To the extent that Vermilion makes additional allegations in paragraph 38 of its Complaint, Black Beauty denies same.

39. In response to rhetorical paragraph 39 of Vermilion's Complaint, Black Beauty denies that Vermilion has asserted grounds or that any grounds exist to support its Complaint to Vacate in Part Arbitration Award. Black Beauty affirmatively states and alleges that the Umpire Arbitrator acted in accordance with the Lease language and with applicable law in determining as follows: (a) that none of Black Beauty's actions in the case constituted an "Event of Default" pursuant to the terms of the Lease; (b) that the Lease was not terminated; (c) that the parties had engaged in a good faith dispute; (d) that Vermilion was estopped from claiming any damages as a result of the actions of Black Beauty's predecessor in interest; (e) that Black Beauty did not repudiate the Lease; and (f) that Black Beauty did not commit fraud.

40. In response to rhetorical paragraph 40 of Vermilion's Complaint, Black Beauty denies that Vermilion is entitled to any of the remedies it has requested. Specifically, 9 U.S.C. § 10 does not permit that an arbitration award be vacated "in part."

## COUNT II

41. Black Beauty repeats and realleges its answers in paragraphs 1 through 40 above as if same were fully set forth herein.

42. Black Beauty denies the allegations set forth in rhetorical paragraph 42 of Vermilion's Complaint.

43. In response to rhetorical paragraph 43 of Vermilion's Complaint, Black Beauty denies that Vermilion is entitled to any of the remedies it requests. Specifically, 9 U.S.C. § 10 does not permit that an arbitration award be vacated "in part."

## COUNT III

44. Black Beauty repeats and realleges its answers in paragraphs 1 through 43 above as if same were fully set forth herein.

45. Black Beauty denies the allegations contained in rhetorical paragraph 45 of Vermilion's Complaint. Black Beauty additionally affirmatively states and alleges that Vermilion is not entitled to the remedies it seeks herein. Black Beauty affirmatively states and alleges that Vermilion was never denied an opportunity to present evidence or arguments during the arbitration proceedings. Any failure on the part of Vermilion to present evidence or argument has resulted in a waiver of said arguments and evidence.

46. Black Beauty denies the allegations contained in rhetorical paragraph 46 of Vermilion's Complaint.

47. In response to rhetorical paragraph 47 of Vermilion's Complaint, Black Beauty denies that the Umpire Arbitrator failed to enforce the Lease in accordance with its stated terms, applicable law or the undisputed facts and denies that the Umpire Arbitrator "called the arbitration process into disrepute."

48. In response to rhetorical paragraph 48 of Vermilion's Complaint, Black Beauty denies that Vermilion is entitled to any of the remedies it requests. Specifically, 9 U.S.C. § 10 does not permit that an arbitration award be vacated "in part."

WHEREFORE, Black Beauty respectfully requests an Order dismissing Vermilion's Complaint to Vacate in Part Arbitration Award in its entirety, granting Black Beauty its attorneys' fees and costs herein and awarding Black Beauty all other just and proper relief in the premises.

> Respectfully submitted,
>
> ZIEMER, STAYMAN, WEITZEL & SHOULDERS, LLP
> /s/ Jean M. Blanton
> Jean M. Blanton, ARDC No. 6291404
> 20 NW First Street, P. O. Box 916
> Evansville, Indiana   47706-0916
> Phone:  (812) 424-7575
> Fax:  (812) 421-5089
> E-mail: jblanton@zsws.com
> Attorneys for Black Beauty Coal Company, LLC

## **AFFIRMATIVE DEFENSES**

Comes now the Respondent, Black Beauty Coal Company, LLC ("Black Beauty"), with its affirmative defenses and states as follows:

1. Vermilion has failed to state a claim upon which relief may be granted.

2. Vermilion's claims are barred by waiver.

3. Vermilion's claims are barred due to expiration of the applicable statue of limitations.

4. Vermilion's claims are untimely.

5. Vermilion's claims are barred by estoppel.

6. Vermilion's claims are barred by laches.

WHEREFORE, Black Beauty respectfully requests an Order dismissing Vermilion's Complaint to Vacate in Part Arbitration Award in its entirety, granting Black Beauty its attorneys' fees and costs herein and awarding Black Beauty all other just and proper relief in the premises.

Respectfully submitted,

ZIEMER, STAYMAN, WEITZEL & SHOULDERS, LLP
/s/ Jean M. Blanton
Jean M. Blanton, ARDC No. 6291404
20 NW First Street, P. O. Box 916
Evansville, Indiana   47706-0916
Phone:  (812) 424-7575
Fax:  (812) 421-5089
E-mail: jblanton@zsws.com
Attorneys for Black Beauty Coal Company

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of June, 2007, I electronically filed the foregoing pleading with the Clerk of Court using the CM/EFC system, which will send notification of such filing to the following:

Deborah G. Cole
DGCole Law
dcole@dgcolelaw.com

John Barr
Barr & Barr
Sej4barr@aol.com

Respectfully submitted,

ZIEMER, STAYMAN, WEITZEL & SHOULDERS, LLP
/s/ Jean M. Blanton
Jean M. Blanton, ARDC No. 6291404
20 NW First Street, Ninth Floor
P. O. Box 916
Evansville, Indiana   47706-0916
Phone:  (812) 424-7575
Fax:  (812) 421-5089
E-mail: jblanton@zsws.com