UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| In the matter of the Arbitration between VERMILION COAL COMPANY, | ) ) Case No. 2:07-cv-02082 |
| Petitioner, | ) ) Judge Michael P. McCuskey ) |
| v. | ) Magistrate Judge ) David G. Bernthal |
| BLACK BEAUTY COAL COMPANY, | ) ) |
| Respondent. | ) |

**VERMILION COAL COMPANY'S RESPONSE TO
BLACK BEAUTY COAL COMPANY'S MOTION TO DISMISS
VERMILION'S COMPLAINT TO VACATE IN PART ARBITRATION AWARD AND
VERMILION'S MOTION TO VACATE IN PART ARBITRATION AWARD**

Plaintiff Vermilion Coal Company ("Vermilion") submits the following Response to Black Beauty Coal Company's ("Black Beauty") Motion and Memorandum of Law in support of its Motion to Dismiss.

**I.    Introduction**

Vermilion has filed its Complaint to Vacate, In Part, Arbitration Award ("Vermilion's Complaint"),[1] its Motion to Vacate, in Part, Arbitration Award ("Vermilion's Motion"), and

---

[1] Vermilion is familiar with the requirements of the FAA that specifically require the moving party to file a motion rather than a complaint. However, in preparation for filing our motion, the Clerk of the Court for the Central District of Illinois informed counsel for Vermilion that there is no procedural vehicle allowing a party to file a document entitled "Motion" unless there is a pending case. FRCP Rule 3 states: "A civil action is commenced by filing a complaint with the court". Therefore, Vermilion was required to file its "Complaint" and it concurrently filed its Motion to Vacate, In Part, Arbitration Award.

1

Vermilion's Memorandum in Support of its Motion ("Vermilion's Memorandum"). After Black Beauty filed its Answer to Vermilion's Complaint and Its Objection to Vermilion's Motion to Vacate, in Part ("Black Beauty's Answer"), Black Beauty filed its Motion to Dismiss pursuant to FRCP 12 ("Black Beauty's Motion").

Black Beauty's Motion is procedurally deficient and would prejudice Vermilion's right to due process and a fair hearing on Vermilion's Motion.[2] Accordingly, Black Beauty's Motion must be stricken. Alternatively, if this Court does not strike Black Beauty's Motion for its procedural deficiencies, Black Beauty's Motion must be denied for its failure to correctly argue the applicable substantive law to be applied by this Court in ruling on Vermilion's Complaint and Motion to Vacate, In Part, Arbitration Award.

## II. Black Beauty's Motion to Dismiss is Procedurally Improper

### A. Black Beauty's Motion Is Not Timely

Black Beauty brings its motion purportedly pursuant to Federal Rule of Civil Procedure 12(b)(6). FRCP 12(b)(6) requires that defenses to pleadings, including a failure to state a claim upon which relief can be granted, "**shall** be made **before** pleading … " (emphasis added). Black Beauty's Motion, however, was made **after** the filing of its responsive pleading, specifically, its Answer. Accordingly, Black Beauty's Motion is not timely.

Alternatively, if Black Beauty's Motion is not stricken by this Court as untimely, FRCP 12(b) also states:

---

[2] As set forth herein, Black Beauty's noncompliance with procedural requirements makes it impossible for Vermilion to comply with the Federal and Local Rules governing motions for summary judgment. Vermilion should not be required to guess at which of Black Beauty's statements in its Factual and Procedural Background are "undisputed or disputed material facts" as required under the applicable rules in order to formulate a procedurally proper response.

2

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, *the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56*, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

(Emphasis added). Thus, Black Beauty's Motion may be considered as a motion for summary judgment. Nevertheless, Black Beauty's Motion also does not comply with the procedural requirements of FRCP 56 or the Local Rules of this Court and should be denied.

### B. Black Beauty's Motion Does Not Comply with the Procedural Requirements of Rule 56 or Local Rule 7.1 (D)

Federal Rule of Civil Procedure 56(c) states:

> The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Based upon this rule, Black Beauty can only be successful if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FRCP 56 (c).

The Central District of Illinois also has local Rules governing summary judgment motions. Local rule 7.1 (D), which applies to motions for summary judgment, states:

> All motions for summary judgment and responses and replies thereto shall comply with the requirements of this rule. Any filings not in compliance may be stricken by the court. The consequences for failing to comply are discussed thoroughly in *Waldridge v. Am. Hoechst*

*Corp.*, 24 F.3d 918 (7th Cir. 1994)…

(1) Any party filing a motion for summary judgment pursuant to Fed.R.Civ.P. 56 and the scheduling order entered in the case, shall include in that motion the following sections with appropriate headings: (a) Introduction: (b) Undisputed Material Facts: and (c) Argument.

Rule 7.1(D)(1)(b), entitled "Undisputed Material Facts" further requires the movant to: (1) list and number each undisputed material fact which is the basis for the motion for summary judgment; (2) include as exhibits to the motion all relevant documentary evidence; and, (3) for each fact asserted, provide citations to the documentary evidence that supports it appropriately referencing the exhibit and page.

In its Memorandum in Support of the Motion to Dismiss, Black Beauty recites as its "Factual and Procedural Background" almost six pages of statements, all of which fail to satisfy the procedural requirements of Rule 56 and of Rule 7.1(D)(1)(b). Nowhere in those six pages does Black Beauty list or number any of its "undisputed material facts" as required under the applicable rules. No exhibits are attached to Black Beauty's Motion, and Black Beauty fails to cite to documentary evidence that supports each fact referencing the exhibit and page.

As a practical matter, Black Beauty's failure to follow the above stated rules makes it impossible for Vermilion to respond in accordance with applicable rules governing summary judgment motions. Specifically, Local Rule 7.1(D)(2)(b) requires Vermilion to state in separate sections the following:

(1) List by number each fact from Section B of the motion for summary judgment which is conceded to be undisputed and material. (2) List by number each fact from Section B of the motion for summary judgment which is claimed to be disputed. Each such claim of disputed fact shall be supported by evidentiary documentation referenced by specific

4

page. Include as exhibits all cited documentary evidence not already submitted by the movant. (3) List by number each fact from Section B of the motion for summary judgment which is claimed to be immaterial and the reason for such claim. (4) List and number each additional material fact raised in opposition to the motion for summary judgment. Each additional fact shall be supported by evidentiary documentation referenced by specific page, Include as exhibits all relevant documentary evidence not submitted by the movant.

In light of Black Beauty's failure to comply with the procedural rules, Vermilion cannot meet the requirements of FRCP 56 or Local Rule 7.1 (D)(2)(b) relating to genuine issues of material facts.

Black Beauty's "Factual and Procedural Background" are so procedurally inadequate that they make it virtually impossible for Vermilion to respond in compliance with the applicable rules governing summary judgment motions. They presume to delegate to Vermilion (or the Court) the chore of parsing undisputed facts from its pleadings. Thus, Black Beauty's motion falls short of meeting the requirements of Rule 56 or Local Rule 7.1.  Accordingly, Black Beauty's Motion must be stricken.

    **III.   Black Beauty's Motion Incorrectly Applies the Substantive Law Governing Motions to Vacate Arbitration Awards**

        **A.   Vermilion's Reliance on Section 10 of the Federal Arbitration Act is Proper**

            **1.   Vermilion is Not Seeking to "Modify" the Award**

Black Beauty's attack on Vermilion's Motion is initially premised upon an argument that Vermilion "improperly relies upon Section 10 of the Federal Arbitration Act" (the "Act") when it should have relied upon Section 11 of the Act which relates to "grounds for modifying an award".[3]

---

[3] Section II of Black Beauty's Memorandum entitled *Standard* argues that Vermilion bears the burden of proof. Vermilion concedes that as Movant on its Motion to Vacate, in Part, Vermilion has

5

Essentially, Black Beauty argues that Vermilion fails to allege grounds for modification of an award, citing instead to Section 10 for vacating awards, while "seeking the remedy contemplated by Section 11 of the FAA".  This argument is without merit as **Vermilion does not seek modification under any of the grounds delineated under Section 11**.  Rather, Vermilion seeks to vacate the award, in part, in accordance with Section 10 of the FAA which enumerates statutory standards for vacatur of arbitration awards including when an arbitrator exceeds his powers as set forth in detail in its Motion and Memorandum.

Each case cited by Black Beauty in support of its argument that Vermilion's Motion is really a motion to modify involves a request to vacate or modify and cites to 9 U.S.C. § 11.  *Bruscianelli v. Triemstra,* 2000  WL 1100439 (Aug. 4, 2000 N.D. Ill.), cited by Black Beauty in support of its request to transform Vermilion's Motion from one to Vacate in Part to a motion to modify the award is easily distinguishable. In *Bruscianelli,* while the Triemstras  captioned their motion as one to vacate the award,  the court determined that the Triemstra's really only wanted to modify the award.

Similarly, in *Josephthal & Co., Inc., v. Cruttenden Roth Inc.,* 177 F. Supp. 2d 232 (S.D.N.Y. 2001), Cruttendon  filed a motion to enforce an arbitration award and Josephthal filed a motion to vacate or modify the award. Josephthal cited to 9 U.S.C. § 11 in support of its motion. Black Beauty also cites *Isenhower v. Morgan Keegan & Co., Inc.,* 311 F. Supp. 2d 1319 (M.D. Ala. 2004), for the proposition that arguments advanced in *Isenhower* for modification were not grounded in any recognized statutory basis  set forth in 9 U.S.C. § 11. In *Robert W. Baird & Co., Inc.  v. Sunamerica Sec., Inc.,* 399 F. Supp.2d 1314 (M.D. Fla. 2005), plaintiff moved to vacate or modify pursuant to 9 U.S.C. § 11 in contrast to Vermilion. Thus, each of these cases is easily distinguishable.

---

the burden of proof.  Moreover, Vermilion states in its Memorandum in Support of the Motion that "Judicial review of arbitration awards is very narrow".

In contrast to the cases cited by Black Beauty, Vermilion's Motion is clear as to the grounds for its request to vacate in part the arbitration award. Vermilion cites specific sections of 9 U.S.C. § 10 and supporting case law. Vermilion has **not** requested modification and, therefore, has not cited 9 U.S.C. § 11 in support of its motion to vacate in part. Thus, the cases cited by Black Beauty in support of its argument that Vermilion is seeking modification of the arbitration award are not relevant to this matter in any way.

### a. Vermilion's Motion to Vacate "In Part" is Proper

All of the documents filed by Vermilion in its Complaint and Motion specifically move this Court to vacate, in part, the arbitration award under Section 10 of the FAA. Further, the fact that Vermilion does not request that the *entire* award be vacated does not transform its motion into a motion to modify the award as argued by Black Beauty.

Many circuits, including the Seventh Circuit, have reviewed requests to vacate an award, in part. At no time did those courts treat those motions as motions to modify. See, *CUNA Mut. Ins. Soc'y v. Office & Prof'l Emples. Int'l Union, Local 39,* 443 F.3d 556 (7th Cir. 2006) (CUNA brought an action in the district court to **vacate part of an arbitration award** in which the arbitrator determined that CUNA had violated its collective bargaining agreement with the union); *In re Allegheny Health, Educ. & Research Foundation v. Nat'l Union AFSCME, AFL-CIO Dist. 1199C*, 383 F.3d 169 (3d Cir. 2004) ( reversing  dismissal of the union's claim to enforce  arbitration award with regard to the prospective sick leave obligation and the dismissal of Tenet's (Allegheny's successor) suit to vacate that part of the arbitration award and remanding with instructions to the bankruptcy court to enter judgment in favor of the union on its claim to enforce the award of prospective benefits and against Tenet on its claim to vacate the award of prospective benefits); *Int'l Chem. Workers Union, Local No. 566 v. Mobay Chem. Corp*., 755 F.2d 1107 (4th Cir. 1985).

In *Int'l Chem., supra,* the employer appealed from the district court's order denying its motion to dismiss the union's amended complaint for lack of jurisdiction. The employer also assigned error to the district court's entry of summary judgment vacating, on the ground that the arbitrator exceeded his authority, a part of the award that sustained the discharge of an employee. The employer moved to dismiss on the ground that 9 U.S.C. § 10 authorizes vacation but not modification of the award. The court granted the union leave to amend the prayer of its complaint to seek vacation of that part of the award that sustained Hill's discharge.

As *In re Allegheny* and *Int'l Chem.* illustrate, courts entertain and grant motions to vacate an arbitration award *in part* based upon 9 U.S.C. § 10 without transforming those motions into requests for modification of awards under 9 U.S.C. § 11. Moreover, contrary to Black Beauty's assertion that "the law is well established" that a motion to vacate brought pursuant to Section 10 of the FAA *requires* that the movant seek to vacate the "entire" award, courts recognize and have granted motions to vacate and award "in part".

**B.    Vermilion's Motion is Based on the Statutory Standards of Section 10**

**1.    The "Judge-Made" Standard of Manifest Disregard is Not Applicable**

Throughout Black Beauty's Memorandum, citations are made to cases from Circuits where the "judge-made" standard of "manifest disregard" is argued in a motion to vacate an arbitration award. As noted on the first page of Vermilion's brief, the Seventh Circuit has held that judge-made standards are largely baseless, except when an award directs a party to violate the law. *George Watts & Son, Inc. v. Tiffany & Co.,* 248 F.3d 577 (7th Cir. 2001). Vermilion does not contend that the award directs either party to violate the law. Accordingly, Black Beauty's reliance on cases from other Circuits which find an arbitrator erred by acting in "manifest disregard of the law" should be ignored.

For example, the case of *Brown v. ITT Consumer Fin. Corp.,* 211 F.3d 1217 (11th Cir. 2000), cited by Black Beauty at page 8 of its Memorandum, involves judicial review of an arbitration award based on the standard of manifest disregard of the law. It is therefore completely irrelevant to the issues raised by Vermilion. Similarly, Black Beauty cites *Cremin v. Merrill Lynch Pierce, Fenner & Smith, Inc.,* 434 F. Supp. 2d 554 (N.D. IL. 2006), and *Wallace v. Buttar,* 378 F.3d 182 (2d Cir. 2004), for the alleged purpose of setting forth the standard and burden Vermilion bears in moving this Court to vacate, in part, the arbitration award. In fact, both of those cases raise and discuss so-called "judge-made" standards for vacatur, which are not recognized in this Circuit. This case does not require the Court to invoke any of the judge-made standards for vacatur. Therefore, neither *Cremin* nor *Wallace* is relevant to this case.

In addition, Black Beauty's arguments relating to the "manifest disregard" standard for vacatur are wholly inapplicable in this case because **Vermilion's Motion and Memorandum do not contain any argument or rely in any way on the "manifest disregard" standard.** Accordingly, this Court should disregard *all* of Black Beauty's arguments and citations to cases relating to the "manifest disregard" standard for vacatur of arbitration awards.

      2.    **Vermilion Motion is Based on the Limited Review of Arbitration Awards Pursuant to Section 10 of the FAA**

On page 8 of its Memorandum, Black Beauty again returns to the issue of standards of judicial review and cites the Supreme Court case of *United Paperworkers Int'l Union v. Misco, Inc.* 484 U.S. 29 (1987). This case actually supports Vermilion's argument that Umpire Lambros exceeded his powers when he flouted the plain and unambiguous language of the Agreement. In that case, the Supreme Court stated: Arbitrators are not free to dispense their own brand of industrial justice and *"may not ignore the plain language of the contract." United Paperworkers,* 484 U.S. at 38 (emphasis added).

In addition to *United Paperworkers,* Black Beauty cites *Amicizia Societa Navegazione v.*

9

*Chilean Nitrate & and Iodine Sales Corp.,* 274 F.2d 805 (2d Cir. 1960), for the proposition that the court cannot vacate an arbitration award on the grounds of erroneous findings of fact or of misinterpretation of law. There, the court noted, however, that " [i]t is true that an award may be vacated where the arbitrators have 'exceeded their powers'". *Id.* at 808. Vermilion contends the Award below demonstrates that Arbitrator Lambros exceeded his powers.   In particular, Vermilion argues that the narrow grounds outlined in the FAA for vacating arbitration awards fit this unique case in which Arbitrator Lambros exceeded his powers by flouting the express terms of the parties' Agreement and refusing to adhere to the legal principles specified in the contract. Here, Vermilion is arguing that the Court may review Arbitrator Lambros' decision for legal errors and should vacate the award because Arbitrator Lambros failed to follow the substantive law specified in the Agreement that he was **bound** to apply.

> C. **Vermilion's Motion Establishes Grounds for Vacating the Award, In Part**
>
>> 1. **The Award Should be Vacated, in Part, Pursuant to Section 10(a)(3) of the FAA On the Basis that Vermilion was Denied the Opportunity to Present Evidence on Remedies and Damages**

In one of its most inane arguments, Black Beauty contends that "Arbitrator Lambros did not refuse to hear evidence; Vermilion failed to present evidence and, therefore, waived its right to claim error at this juncture". (BB Mem. at 10). Acknowledging that the Panel bifurcated liability from damages and remedies (including termination), Black Beauty has the audacity to argue that Vermilion's failure to present evidence relating to remedies constituted a waiver. (BB Mem. at 11). This bizarre position is, not surprisingly, unsupported by any citation to the law.

Vermilion presented little or no evidence relating to damages and remedies (including termination) **because the Panel's Order of August 24, 2004 bifurcated remedies for any breach from the hearing.** (Verm. Comp. Ex. E). In contrast, Arbitrator Lambros' award relies, in part, on Black Beauty's improperly submitted testimony and argument offered at the arbitration hearing

10

including the alleged "harm" it would suffer if the Panel terminated the agreement (as required by Section 22.1 of the Lease for defaults made "in the due and punctual payment of any rent, royalty *or any part thereof,* when and as the same become due and payable"). (Decision and Award, p. 7). Arbitrator Lambros, in direct violation (perhaps rising to the level of evident partiality) of the Panel's earlier Order, the Agreement, and Vermilion's substantive and procedural due process rights, denied Vermilion its remedy of termination. (Decision an Award, p. 11) Black Beauty now argues that its disingenuous ignorance of the Panel's order should be condoned, while Vermilion's compliance with the Panel's Order should be deemed a waiver of its rights.[4]

---

[4] Black Beauty's Affirmative Defenses set forth in its Answer to Vermilion's Complaint, Black Beauty include that Vermilion's claims are barred by "waiver", the applicable "statu[t]e of limitations" and "are untimely". (BB Answer at 13, ¶¶ 3, 4). Although Black Beauty asserts the "waiver" argument in its Motion to Dismiss, no mention is made of its statute of limitations or "untimely" defenses. Thus, Black Beauty appears to have abandoned its position that Arbitrator Lambros' Decision and Award dated April 8, 2005, constituted a "final" award and that Vermilion's motion is "untimely" or that is no longer appealable pursuant to 9 U.S.C. § 12. Black Beauty's arguments on these apparently abandoned defenses were set forth in its Motion to Strike Vermilion's Request for Findings of Fact and Conclusions of Law filed in the arbitration proceedings. In that motion, Black Beauty cited only one Seventh Circuit opinion, *McKinney Restoration, Co., Inc., v. Illinois Dist. Council No. 1 of the Int'l Union of Bricklayers & Allied Craftworkers,* 392 F.3d 867 (7th Cir. 2004) to support its argument that the April 8th award was a "final" award. The *McKinney* case involved two separate arbitration hearings and is factually distinguishable from the case at bar. The *McKinney* court found that "nothing in the May award indicate[d] that the JAB believed that any issues remained to be decided. The award determined liability and imposed a remedy... [T]hat is the language of a final award disposing of all issues

Arbitrator Lambros' conduct in refusing to hear evidence material and pertinent to the controversy is a basis for vacating the award as to the remedy of termination in accordance with 9 U.S.C. § 10(a) (3) of the FAA. Furthermore, his premature ruling on termination and his failure to rule in accordance with the applicable substantive law as **required** by Section 24.1 of the agreement, denied Vermilion the opportunity to present evidence on remedies, including termination.

Arbitrator Lambros' conduct is particularly egregious when considering that after the Interim Award and prior to the Final Decision and Award on "Bifurcated Remedial Issues",

---

before the arbitrators, not an interim one." *Id*. at 872. In the present case, facts including that, (1) the liability and damage issues were bifurcated (Verm. Compl. Ex E, ¶ 1(c)); (2) the parties' negotiation and Black Beauty's payment of BLET/AMLF past due amounts did not occur until September 9, 2005 (BB Mem., p. 5); (3) in Arbitrator Lambros' order dated September 25, 2006, seventeen months *after* the April, 2008 award, he refused to issue a "final order of dismissal" of the arbitration (Exh. A); (4) the April, 2005, award did not contain a determination of costs as required by Section 24.1 of the Agreement (Verm. Comp. Ex. G); and, (5) the Panel retained jurisdiction over a number of issues until Vermilion's voluntary dismissal of the reserved issues on June 28, 2006 (Exh. A, ¶ 2); all support Vermilion's position that the April 8, 2005 Decision and Award was **not** a final award. See, *Anderson v. Norfolk & W. Ry. Co.,* 773 F.2d 880, 883 (7th Cir. 1985) ("final" arbitration award defined as one "intended by the arbitrator to be his complete determination of every issue submitted to him"); *Ligon Nationwide, Inc. v. Bean,* 761 F. Supp. 633, 636 (S.D. Ind. 1991) (in order for a claim to be completely determined in arbitration, the arbitrators must have decided both the issues of liability and damages). Moreover, Vermilion's Motion, filed April 24, 2007, **was** filed within 90 days of the **Final** Decision and Award dated January 31, 2007. (Verm. Compl., Ex. H).

Vermilion requested that Arbitrator Lambros issue findings of fact and conclusions of law in support of his Interim Award relating to Vermilion's claims for breach of contract, default/termination, fraud, anticipatory repudiation and remedies in an effort to gain some understanding of Arbitrator Lambros' conduct in prematurely ruling on the damage/remedy and other issues. (Verm. Mem. in Support of Motion To Vacate, Ex. F). Vermilion's request was denied. (Final Dec. and Award, p.2). Thus, this Court should vacate those portions of the Award dealing with Vermilion's additional remedies of termination, and its claims for breach of contract, repudiation, fraud, and breach of Black Beauty's express duty of good faith dealing.

### 2. Arbitrator Lambros Exceeded His Powers under Section 10(a)(4) of the FAA and Illinois Law

Black Beauty concedes that a court may vacate an arbitration award pursuant to Section 10 (a)(4) of the FAA if the arbitrators "exceeded their powers". (BB. Mem. at 12). This is the gravamen of Vermilion's Motion to Vacate the Award, In Part.[5]

Black Beauty agrees that an arbitrator's award must draw its essence from the contract and that the decision must be within the bounds of the contract language. (BB Mem. at 13). Black Beauty cites *Madison Teachers, Inc. v. Madison Metro. Sch. Dist.,* 159 Wis. 2d 429; 464 N.W.2d 679 (Wis.App. 1990), where the court interpreted a state statute (Section 788.10(1)) which mimics 9 U.S.C. §10 with respect to the grounds on which a party may move the court to vacate an arbitration award. In *Madison,* interpreters at the school were members of the "teacher" bargaining unit. The collective bargaining agreement provided all teachers with one hour per day of planning time. An interpreter filed a grievance because a teacher was directing her to perform clerical tasks

---

[5] Section II of Vermilion's Memorandum in Support of its Motion to Vacate Arbitration Award, In Part, deals in great detail with Vermilion's argument, case law and evidence relating to Section 10(a)(4) of the FAA.

during her planning time. Following a hearing, the arbitrator concluded that the agreement did not guarantee interpreters discretionary use of their planning time, relying on the fact that the interpreter was supervised by a teacher. The trial court vacated the arbitrator's award, concluding that the award constituted a perverse misconstruction of the plain language of the collective bargaining agreement.

The appellate court agreed with the trial court, stating that the arbitrator found that the parties intended the term "planning time" to mean one thing when applied to teachers and another thing when applied to interpreters. Nothing in the agreement suggested such a distinction. The Court found that such a finding usurps the authority of the state to determine appropriate bargaining units for collective bargaining among municipal employees.

*Madison* actually supports Vermilion's argument that the arbitrator's decision must be "within the bounds of the contract language". Id. at 315. As demonstrated by the case law, evidence and argument set forth in Vermilion's Motion and Memorandum, Arbitrator Lambros' Award, which goes outside of the express terms of the agreement, must be vacated.

### 2. Arbitrator Lambros was Required to Rule in Accordance with Illinois Law

As its final argument, Black Beauty relies on the case of *IDS Life Ins. Co. v. Royal Alliance Assocs., Inc.,* 266 F.3d 645 (7th Cir. 2001) for the proposition that even if Arbitrator Lambros committed "gross error" in issuing the Decision and Award, this Court "would have no authority pursuant to 9 U.S.C. § 10(a)(4) to vacate the award." (B.B. Mem. at 13-14) In the *IDS* case, the plaintiff sought to vacate an arbitration award on the grounds that the arbitrators "so imperfectly executed [their powers] that a mutual, final, and definite award upon the subject matter submitted was not made." *Id.*at 650. The Court in *IDS* stated in dicta that "[w]ithin exceedingly broad limits, the parties to an arbitration agreement choose their method of dispute resolution and are bound by it however bad their choice appears to be either ex ante or ex post". *Id.* at 649.

14

*IDS* is distinguishable from the case at bar in that it does not involve a motion to vacate an arbitrator's award based on the arbitrators exceeding their powers. More importantly, as argued in Vermilion's Motion and Memorandum, here the arbitrators **did not** have the broad discretion that is normally afforded to arbitrators. In the present case, the parties chose to **require** the arbitrators to be **bound** by applicable substantive federal and state (Illinois) law. Accordingly, Arbitrator Lambros did **not** have the authority to issue a Decision and Award that was incorrect or unreasonable or to commit material error in rendering his Decision and Award. Black Beauty's Motion must be denied.

### IV.     Conclusion

Black Beauty has failed to comply with the procedural requirements of Federal Rule of Civil Procedure 12 (b)(6) governing motions to dismiss or with Rule 56 and Local Rule 7.1 (D)(1)(b) governing motions for summary judgment. Black Beauty's Motion to Dismiss should be stricken. Alternatively, Black Beauty's Motion should be denied for failing to state a substantive basis for this Court to deny Vermilion's Complaint and Motion to Vacate in Part Arbitration Award.

Respectfully Submitted,

DGCole Law

By: /s/ Deborah G. Cole
One of the Attorneys for Vermilion Coal Co.
ARDC No.: 6184806

Deborah G. Cole, ARDC No. 6184806
DGCole Law
1400 North LaSalle Street
Chicago, Illinois 60610
Tel:  (312) 751-0272
Fax: (312) 751-4133
E-mail: dcole@dgcolelaw.com

John Barr    ARDC No. 00120308
Barr & Barr
1301 East Mound Road, Suite 350
Decatur, IL 62525-0050
Tel:  (217) 875-5311
Fax:  (217) 875-5742
 E-mail: sej4barr@aol.com

CERTIFICATE OF SERVICE

    I hereby certified that on October 29, 2007, I electronically filed the **Vermilion Coal Company's Response To Black Beauty Coal Company's Motion To Dismiss Vermilion's Complaint To Vacate In Part Arbitration Award And Vermilion's Motion To Vacate In Part Arbitration Award**, with the Clerk of the Court using CM/ECF System which will send notifications of such filing to the following:

Jean M. Blanton<br>
Ziemer, Stayman, Weitzel & Shoulders, LLP<br>
20 NW First Street, P.O. Box 916<br>
Evansville, Indiana 47706-0916<br>
E-Mail: jblanton@zsws.com

                                            /s/ Deborah G. Cole
                                            ARDC No. 6184806

**EXHIBIT A**

## IN RE THE MATTER OF THE ARBITRATION OF

VERMILION COAL COMPANY,            )
                                   )
      **Claimant**,              )
                                   )
and                                )    **ORDER**
                                   )
BLACK BEAUTY COAL COMPANY,         )
                                   )
      **Respondent**.           )

---

The Motion of Vermilion Coal Company for leave to file a sur-reply to Black Beauty's cross motion for costs to and including October 5, 2006, is granted. Vermilion's request that the Panel enter a final order of dismissal of this arbitration without any additional briefing of the issues by the parties is denied at this time.

DATED: September 25, 2006

                                                       Thomas D. Lambros
                                                       Umpire Arbitrator

Cc:

Susan Getzendanner – Arbitrator for Vermilion Coal Company
F. Daniel Kelley, Jr. – Arbitrator for Black Beauty Coal Company

Deborah Cole – Counsel for Vermilion Coal Company
Fred Hubbard – Counsel for Vermilion Coal Company
George Barton – Counsel for Vermilion Coal Company

Patrick Shoulders – Counsel for Black Beauty Coal Company
Charles Compton – Counsel for Black Beauty Coal Company
Jean Blanton – Counsel for Black Beauty Coal Company

{00166531; 1; 0586-0076; BAC}