UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **VERMILION COAL COMPANY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 07-2082 |
| ) | |
| **BLACK BEAUTY COAL COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |

# REPORT AND RECOMMENDATION

In April 2007, Plaintiff Vermilion Coal Company filed a Complaint To Vacate in Part Arbitration Award (#1) against Defendant Black Beauty Coal Company. Plaintiff subsequently filed a Motion To Vacate In Part Arbitration Award (#7). Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331 because Plaintiff seeks to vacate an arbitration award under the Federal Arbitration Act (hereinafter "FAA") (9 U.S.C. § 10).

In July 2007, Defendant filed a Motion To Dismiss Vermilion's Complaint To Vacate In Part Arbitration Award and Vermilion's Motion To Vacate In Part Arbitration Award (#14). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant's Motion To Dismiss Vermilion's Complaint To Vacate In Part Arbitration Award and Vermilion's Motion To Vacate In Part Arbitration Award **(#14)** be **DENIED**.

### I. Background

As Plaintiff notes, Plaintiff filed a complaint to satisfy the requirements of the Central District of Illinois and subsequently filed a motion to vacate to satisfy FAA requirements. The motion to vacate incorporates the complaint in its entirety. The following background is based on Plaintiff's complaint and motion to vacate.

Plaintiff (also referred to hereinafter as "Vermilion") owns fee coal, minerals, oil, and gas in Vermilion County, Illinois. In 1994, Vermilion leased certain of its lands and coal mining

rights to Laswell Coal Company in exchange for Vermilion's rights to receive certain royalties and payments as provided in the Lease. In December 1994, Laswell Coal Company assigned the Lease to Catlin Coal Company, Inc. In 1999, Catlin Coal Company, Inc., assigned its rights, title, and interest in the Lease to Catlin Coal, LLC, an entity organized by Defendant Black Beauty. In November 1999, Catlin Coal, LLC, assigned its rights, title, and interest in the Lease to Black Beauty.

In August 2002, Vermilion discovered that Defendant was falsifying reports and taking improper deductions from amounts owed to Vermilion for royalties and wheelage under the Lease. For nine months, Vermilion tried to obtain compliance from Black Beauty of its Lease obligations and Black Beauty refused to pay the correct royalty amounts. In May 2003, Vermilion sent Black Beauty a notice of default. (#1-5, p. 2.) In June 2003, Vermilion sent Black Beauty a notice of demand for arbitration. (#1-6, p. 2.)

Pursuant to the terms of the Lease, the parties entered into arbitration to resolve the dispute. The arbitration panel consisted of Vermilion's party arbitrator Susan Getzendanner, Black Beauty's party arbitrator, G. Daniel Kelley, Jr., and Thomas Lambros, the Umpire Arbitrator (hereinafter "UA"). As part of the arbitration process, Vermilion presented a list of issues. (#1-7, p. 2.) After reviewing the parties' written papers and listening to oral argument, the panel established a hearing schedule, and noted that the issue of remedies for any breach would be bifurcated from hearings on the evidence and argument. (#1-8, p. 2.)

Ultimately, Vermilion prevailed on the threshold issue of whether Black Beauty had improperly deducted Black Lung Excise Taxes ("BLET") and Abandoned Mine Land Fees ("AMLF") as severance taxes. In March 2005, the UA issued a Decision and Award concluding that Black Beauty did not repudiate or breach the Lease, "irrespective of Vermillion's success on the threshold issue relating to the deductibility of the severance taxes." (#1-10, p. 2.) Ms. Getzendanner concurred in part and dissented in part from this Decision and Award and Mr. Kelley dissented.

In January 2007, the UA issued a Final Decision and Award on Bifurcated Remedial Issues, addressing the parties' motions for costs and awarding Vermilion a portion of the monies for nonpayment of amounts owed by Black Beauty for royalties and wheelage and certain of its costs of arbitration. (#1-10, p. 2.) Ms. Getzendanner issued a dissenting opinion and Mr. Kelley concurred in part and dissented in part.

Plaintiff contends that it spent more than $1.5 million dollars in costs and attorney fees and the UA denied Plaintiff its express remedies and the bulk of its damages provided under the Lease. Plaintiff asks the Court to vacate those parts of the Decision and Award relating to (1) the denial of Vermilion's claims for breach of contract, default/termination, anticipatory repudiation, fraud, and breach of express duty of good faith and fair dealing; (2) the remedies for the foregoing claims; and (3) the arbitrators' failure to include expert and attorney fees paid by Vermilion in the award of costs. (#7, ¶ 4.) Plaintiff's complaint alleges three counts, as follows: Count I alleges that the UA exceeded his powers in violation of 9 U.S.C. § 10(a)(4); Count II alleges that the UA demonstrated evident partiality in violation of 9 U.S.C. § 10(a)(2); and Count III alleges that the UA refused to hear material evidence in violation of 9 U.S.C. § 10(a)(3).

## II.  Standard

The purpose of a motion to dismiss for failure to state a claim is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." The United States Supreme Court has interpreted this language to impose two "easy-to-clear hurdles": First, the plaintiff must plead sufficient facts to give fair notice of the claim and the grounds upon which it rests, and second, those facts, if true, must plausibly suggest that the plaintiff is entitled to relief, "raising that possibility above a 'speculative' level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly,* --- U.S. ----, 127 S.Ct. 1955, 1965, 1973 n.14 (2007)). On a motion to dismiss, the Court treats all well-pleaded allegations in the complaint as true, and draws all reasonable inferences in the plaintiff's favor.

*McMillan v. Collection Prof'ls, Inc.,* 455 F.3d 754, 758 (7th Cir. 2006); *see Bell Atl.,* 127 S.Ct. at 1965 (requiring plausible grounds for inferences if those inferences are to sustain a complaint).

Both parties discuss the deference that a court must grant to an arbitration panel's decision. *IDS Life Ins. v. Royal Alliance Assocs., Inc.*, 266 F.3d 645, 649 (7th Cir. 2001) (stating "the grounds for challenging an arbitration award are narrowly limited, reflecting the voluntary contractual nature of commercial arbitration"); *Wallace v. Buttar*, 378 F.3d 182, 189 (2d Cir. 2004) ("A party petitioning a federal court to vacate an arbitral award bears the heavy burden of showing that the award falls within a very narrow set of circumstances delineated by statute and case law."). However, on a motion to dismiss the complaint for failure to state a claim, the Court is reviewing the adequacy of the complaint, not the arbitration panel's decision.

### III. Analysis

Defendant argues that the Court should dismiss the complaint and Plaintiff's motion to vacate for the following reasons: (1) the FAA prohibits the Court from vacating the arbitration decision; and (2) Plaintiff lacks grounds for an order vacating the Decision and Award.

In response, Plaintiff argues that (1) Defendant's motion is not timely; (2) Defendant's motion does not comply with federal and local procedural requirements; (3) Defendant's motion incorrectly applies substantive law governing motions to vacate awards; and (4) Plaintiff has established grounds for vacating the Decision and Award.

#### A. Plaintiff's Procedural Arguments

Plaintiff argues that Defendant's motion is not timely because Defendant filed an answer before filing the motion to dismiss. Plaintiff also argues that the motion to dismiss fails to comply with federal and local procedural requirements for a summary judgment motion.

#### 1. Timeliness

Plaintiff's challenge to the timeliness of Defendant's motion is based on Rule 12(b) which provides that "a motion making any of these [12(b)] defenses shall be made before

pleading if a further pleading is permitted." FED. R. CIV. P. 12(b). Defendant filed an answer to the complaint in June 2007 and then filed the motion to dismiss in July 2007. Based on the language of Rule 12(b), the motion to dismiss is not timely. However, Rule 12(c) provides that any party may move for judgment on the pleadings "[a]fter the pleadings are closed but within such time as not to delay the trial." FED. R. CIV. P. 12(b); *see Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007) ("Under Rule 12(c), a party can move for judgment on the pleadings after the filing of the complaint and answer"). Thus, "[a] motion to dismiss made after the filing of an answer serves the same function as a motion for judgment on the pleadings and may be regarded as one." *Schy v. Susquehanna Corp.,* 419 F.2d 1112, 1115 (7th Cir. 1970). As a result, the Court will not recommend denying Defendant's motion to dismiss on the basis that it was not timely filed.

### 2. Matters Outside the Pleadings

Plaintiff next argues that Defendant's motion failed to comply with state and local rules. Specifically, Plaintiff appears to contend that Defendant has presented matters outside the pleadings and the Court should treat the motion to dismiss as a summary judgment motion pursuant to Federal Rule of Civil Procedure 12(c) ("If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56.").

Federal Rule of Civil Procedure 10(c) provides that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." The Seventh Circuit court has stated that pleadings include the complaint, the answer, and any written instruments attached as exhibits, such as affidavits, letters, contracts, and loan documentation. *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998).

Here, Defendant's motion and memorandum refer only to the voluminous documentation that Plaintiff attached to the complaint, not to any matters "outside the pleadings." Accordingly, Plaintiff's argument does not provide a basis to deny Defendant's motion to dismiss.

## B. Whether Section 10 or Section 11 of the FAA Applies

Defendant first argues that the Court should dismiss the complaint and motion to vacate because Plaintiff has improperly sought to vacate the Decision and Award "in part," rather than seeking to "modify" the Decision and Award. It appears that Defendant contends that Section 10 applies to a motion to vacate the entire decision and award, but vacatur of only part of the decision and award constitutes a modification that a court must review under Section 11. In support, Defendant relies on *Josephthal & Co., Inc. v. Cruttenden Roth Inc.*, in which the district court stated that the FAA "recognizes only petitions to vacate the entire award, 9 U.S.C. § 10, or petitions to modify an award, 9 U.S.C. § 11." *Josephthal & Co., Inc. v. Cruttenden Roth Inc.*, 177 F. Supp. 2d 232, 239 (S.D.N.Y. 2001); *see also Bob Schultz Motors, Inc. v. Kawasaki Motors Corp., U.S.A.*, 334 F.3d 721, 725 (8th Cir. 2003) ("In sum, Congressionally-mandated deference to arbitration proceedings means that a 'district court must take the award as it finds it and either vacate the entire award using section 10 or modify the award using section 11'") (quoting *Legion Ins. Co. v. VCW, Inc.,* 198 F.3d 718, 721 (8th Cir. 1999) ("Whatever the rule may be under different circumstances, when a panel by the language it uses makes clear that it intends its award to be indivisible, the district court must take the award as it finds it and either vacate the entire award using section 10 or modify the award using section 11.")).

Defendant has not cited any Seventh Circuit case law that supports its proposition that Section 10 does not allow a party to seek partial vacatur. As Plaintiff points out, many courts, including the Seventh Circuit, have reviewed requests to vacate a decision and award "in part." *See, e.g., CUNA Mut. Ins. Soc'y v. Office & Prof'l Employees Int'l Union, Local 39*, 443 F.3d 556, 558 (7th Cir. 2006) (CUNA sought review of only part of an arbitration award); *Carpenter Local No. 1027, Mill Cabinet-Indus. Div. v. Lee Lumber and Bldg. Material Corp.*, 2 F.3d 796, 800 (7th Cir. 1993) (rejecting the argument that if the court should "find the arbitrator's reimbursement award unenforceable, [it] should vacate the entire award"); *see also Enter. Wheel & Car Corp. v. United Steelworkers of Am.*, 269 F.2d 327, 330 (4th Cir. 1959) (stating that an award "should not be stricken down completely if the valid and invalid parts can be separated by the court"), *rev'd in part on other grounds*, 363 U.S. 593 (1960); *Bonar v. Dean Witter Reynolds, Inc.*, 835 F.2d 1378, 1383-84 n.9 (11th Cir. 1988) (relying on the court's "authority to vacate

only part of an arbitration award"); *In re Heritage Org., L.L.C.*, 322 B.R. 285, 296 (B.R.N.D. Tex. 2005) ("If an arbitration panel exceeds its authority, it provides grounds for a court to vacate that aspect of its decision"), *rev'd in part on other grounds*, No. 3:06-CV-20578H, 2006 WL 2642204 (N.D. Tex. Sept. 14, 2006); *Paper, Allied-Indus., Chem. and Energy Workers Int'l Union, Local 1-9, AFL-CIO, CLC v. S.D. Warren Co.*, No. Civ. 03-225-B-W, 2004 WL 1484995, at *13 (D. Me. June 4, 2004) ("a court should either vacate the entire award or, where appropriate, remand the matter for further proceedings on clearly identified issues"), *Report and Recommendation rejected in part on other grounds*, 2004 WL 2536811 (D. Me. Nov. 10, 2004) (citing *United Paperworkers Int'l Union AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 40 n.10 (1987)).

Furthermore, neither party has addressed the issue of whether the purportedly valid and invalid parts of the Decision and Award can be separated or whether the arbitration panel indicated that the Decision and Award must be treated as an indivisible whole. *See Legion Ins.*, 198 F.3d at 721 ("Whatever the rule may be under different circumstances, when a panel by the language it uses makes clear that it intends its award to be indivisible, the district court must take the award as it finds it and either vacate the entire award using section 10 or modify the award using section 11")). Accordingly, the Court concludes that Plaintiff did not err by seeking to have the Decision and Award vacated "in part" under Section 10 of the FAA.

Defendant also contends that Plaintiff has failed to allege the existence of any grounds for modification of the Decision and Award under Section 11, even though Plaintiff seeks "the remedy contemplated by Section 11 of the FAA." (#15, p. 7.) In Plaintiff's complaint and motion to vacate, Plaintiff expressly seeks to vacate the Decision and Award pursuant to Section 10. Furthermore, in its response to Defendant's motion to dismiss, Plaintiff has expressly stated that it does not seek to modify pursuant to Section 11. Accordingly, the Court need not consider Defendant's argument that Plaintiff has failed to allege any grounds for modification under Section 11.

### C. Whether Plaintiff Has Alleged Grounds for Vacatur

Defendant next argues that Plaintiff has no grounds for vacatur pursuant to Section 10 of the FAA. Specifically, Defendant contends that UA Lambros exhibited impartiality during the arbitration proceedings and acted in accordance with applicable law and the discretion accorded him by the Lease, the UA did not improperly refuse to hear evidence, and the UA issued a mutual, final, and definite Decision and Award.

These arguments address the merits of Plaintiff's complaint and motion to vacate. On a motion to dismiss, the Court does not decide the merits of the case. *Gibson*, 910 F.2d at 1520. Instead, it considers whether Plaintiff has adequately stated a claim. The same standard used to review a Rule 12(b)(6) motion to dismiss applies to a motion for judgment on the pleadings based on failure to state a claim. *Republic Steel Corp. v. Pa. Eng'g Corp.,* 785 F.2d 174, 182 (7th Cir. 1986). The Court has reviewed the claims in Counts I, II, and III and concludes that, accepting Plaintiff's allegations as true, the complaint adequately states claims. Accordingly, the Court recommends denying the motion to dismiss.

### IV. Summary

For the reasons stated above, this Court recommends that Defendant's Motion To Dismiss Vermilion's Complaint To Vacate In Part Arbitration Award and Vermilion's Motion To Vacate In Part Arbitration Award **(#14)** be **DENIED**. The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 30th day of January, 2008.

s/ DAVID G. BERNTHAL
U.S. MAGISTRATE JUDGE
