UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| In the matter of the Arbitration between | ) |
| VERMILION COAL COMPANY, | ) Case No. 2:07-cv-02082-MPM-DGB |
|       Petitioner, | ) |
| | ) Judge Michael P. McCuskey |
| v. | ) |
| | ) Magistrate Judge |
| | ) David G. Bernthal |
| BLACK BEAUTY COAL COMPANY | ) |
|       Respondent. | ) |

**BLACK BEAUTY COAL COMPANY'S OBJECTION TO MAGISTRATE
BERNTHAL'S REPORT AND RECOMMENDATION DATED JANUARY 20, 2008**

Comes now the Respondent, Black Beauty Coal Company, LLC ("Black Beauty") and

hereby submits its Objection to the Magistrate's Report and Recommendation dated January 20,

2008.

## I.      PROCEDURAL BACKGROUND

In April of 2007, Vermilion Coal Company ("Vermilion") filed a Complaint to Vacate in

Part Arbitration Award (Doc. #1)(hereinafter "Complaint") against Defendant, Black Beauty Coal

Company ("Black Beauty").  Vermilion subsequently filed a Motion to Vacate In Part Arbitration

Award (Doc. # 7)(hereinafter "Motion").

Black Beauty filed its Motion to Dismiss Vermilion's Complaint and Motion in July, 2007

(hereinafter "Motion to Dismiss").  Vermilion additionally filed its Brief in Support of its Complaint

and Motion in September, 2007 and Black Beauty filed its Brief in Opposition to Vermilion's

Complaint and Motion in October, 2007.

1

Magistrate Bernthal issued his Report and Recommendation on January 30, 2008 relating to Black Beauty's Motion to Dismiss. Magistrate Bernthal recommended that Black Beauty's Motion to Dismiss be denied.

## II.     ARGUMENT

Black Beauty's Motion to Dismiss is premised upon its argument that the Court cannot grant the relief that Vermilion seeks. Specifically, Black Beauty argues that the Federal Arbitration Act ("FAA") does not permit a federal district court to vacate an arbitration award "in part." The FAA only authorizes a federal court to either vacate in whole, or alternatively to modify an arbitral decision.

The grounds for vacatur under 9 U.S.C.A. § 10 are as follows:

(1)  Where the award was procured by corruption, fraud, or undue means;

(2)  Where there was evident partiality or corruption in the arbitrators, or either of them;

(3)  Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4)  Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

*Id.*

The grounds for modification under 9 U.S.C.A. § 11 are as follows:

(1)     Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award;

2

      (2)     Where the arbitrators awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted; or

      (3)     An award is imperfect in matter of form not affecting the merits of the controversy.

*Id.*

As Magistrate Bernthal notes in his Report and Recommendation, Vermilion, by its own statements, does not seek modification of the award pursuant to 9 U.S.C.A. § 11. (Report and Recommendation, p. 7) Accordingly, the only provision of the FAA at issue herein is 9 U.S.C.A. § 10, which authorizes vacatur under the above-recited grounds.

While the issue of the authority of a federal district court to vacate an arbitration award in part appears to be one of first impression in the Seventh Circuit Court of Appeals, the Eighth Circuit has analyzed this precise issue and held that a partial vacatur is not authorized under the FAA. *Bob Schultz Motors, Inc. v. Kawasaki Motors Corp., U.S.A.*, 334 F.3d 721, 725 (8th Cir. 2003). In *Bob Schultz Motors,* the Eighth Circuit stated as follows:

In sum, Congressionally-mandated deference to arbitration proceedings means that a 'district court must take the award as it finds it and either vacate the entire award using section 10 or modify the award using section 11.'"(quoting *Legion Ins. Co. v. VCW, Inc.*, 198 F.3d 718, 721 (8th Cir. 1999))

*Id.*

The district court for the Southern District of New York has also held that the FAA prevents a party from seeking a partial vacatur, because "[t]he FAA recognizes only petitions to vacate the entire award or petitions to modify an award." *Josephthal & Co., Inc. v. Cruttenden Roth Inc.*, 177 F.Supp.2d 232, (S.D. N.Y. 2001). The court further held that the grounds under which a party may

petition for vacatur may not be utilized to modify an arbitral award, because "[t]he grounds to modify an award are extremely limited and exist only where there is an evident material miscalculation or mistake, the award reaching matters not before the arbitrators or there is an error in form." *Id.*(internal citations omitted); *See also*, *Isenhower v. Morgan Keegan & Co., Inc.,* 311 F.Supp. 2d 1319 (M.D. Ala. 2004)(denying petitioner's motion to modify the arbitration award, because the arguments advanced by the petitioners for modification were simply not grounded in any recognized statutory basis for modification set forth in Section 11 of the FAA).

The holding in *Josephthal*, *Isenhower,* and *Bob Schultz Motors* is supported by established precedent that the FAA limits judicial review of arbitration awards. *Robert W. Baird & Co., Inc. v. Sunamerica Securities, Inc.*, 399 F.Supp.2d 1314 (M.D. Fla. 2005)(citing *Brown v. ITT Consumer Financial Corp.*, 211 F.3d 1217, 1223 (11th Cir. 2000); *United Paperworkers International Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987))(courts do not "hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts."). In fact, for decades courts have noted that their function in either vacating or modifying an arbitration award is "severely limited" by the statutory provisions of the FAA. *Amicizia Societa Navegazione v. Chilean Nitrate and Iodine Sales Corp.,* 274 F.2d 805 (2nd Cir. 1960)(citing Judicial Review of Arbitration Awards, 63 Harv.L.Rev. 681 (1950) ("The statutory provisions in expressly stating certain grounds for either vacating an award or modifying or correcting it, do not authorize its setting aside on the grounds of erroneous finding of fact or of misinterpretation of law."); *See also*, *Baravati v. Josephthal, Lyon & Ross, Inc.*, 28 F.3d 704, 706 (7th Cir. 1994)("Judicial review of arbitration awards is tightly limited; perhaps it ought not to be called 'review' at all.")).

4

In his Report and Recommendation, Magistrate Bernthal reviews Vermilion's authorities that it presented in opposition to Black Beauty's Motion to Dismiss and notes that various district court and Seventh Circuit opinions exist wherein the court vacated a specific portion and affirmed the remaining portions of an arbitral award. However, it appears that in all of the cases to which Vermilion cites neither party challenged the court's authority to vacate the arbitral award "in part" pursuant to the statutory provisions of the FAA. *See e.g., CUNA Mutual Insurance Society v. Office and Professional Employees Int'l Union*, 443 F.3d 556 (7th Cir. 2006). In *CUNA Mutual,* the Seventh Circuit affirmed the district court's award of sanctions against the appellant employer, because the arbitrator's interpretive route of the parties' collective bargaining agreement was easy to follow and case law upholding the deferential treatment courts accord arbitral awards is clear, extensive and readily available. It was mentioned briefly within the opinion that the appellant-employer sought partial vacatur, but there was no absolutely no discussion or analysis as to whether the court had authority to grant partial vacatur. *Id.*

In another Seventh Circuit decision to which Vermilion cites, the appellee-employer argued that partial vacatur was inappropriate, but did not argue that it was impermissible under the FAA. Further, the Court had trouble deciphering the arguments the appellee did put forth, stating as follows:

> [The employer] argues that if we find the arbitrator's reimbursement award unenforceable, we should vacate the entire award—including that part finding that [the employer] must pay back pay to [the employee]—an remand to the arbitrator so that he may fashion a remedy consistent with our ruling. [The employer] does not explain clearly why this course is necessary. As best we can tell from its brief, [the employer] seems to be asserting that the arbitrator determined that [the employer] was not really at fault for [the employee's] firing. Rather, the union was.

5

> Since the union, not [the employer] caused [the employee's]
> firing, the arbitrator decided that [the employer] should not
> be responsible for [the employee's] back pay; hence, the
> order to reimburse [the employer].  If the court vacates the
> reimbursement order but not the back pay order, says [the
> employer], the court would improperly be substituting its
> judgment as to an appropriate remedy for the arbitrator's
> judgment.

*Mill Cabinet-Indus. Div. v. Lee Lumber and Bldg. Material Corp.*, 2 F.3d 796 (7th Cir. 1993).

As previously noted, the employer in *Mill Cabinet* did not argue that a court lacked authority under the FAA to vacate an award in part, as is Black Beauty's argument herein.  The Seventh Circuit Court in *Mill Cabinet* also does not provide any reasoning as to whether the FAA accords it with such authority, but rests its decision on the appellee's mischaracterization and misinterpretation of the arbitrator's award.  *Id.*

In 1959, the Fourth Circuit Court of Appeals stated that an earlier rule required a district court to vacate an entire arbitral proceeding if the terms of the award exceeded the terms of the submission agreement, but that the prevailing view had become that the award would be invalidated only so far as it is excessive, so long as it is of a character that the court could separate the invalid portion from the remaining portions of the arbitral submission.  *Enter. Wheel & Car Corp. v. United Steelworkers of Am.,* 269 F.2d 327 (4th Cir. 1959).  However, the string citation listed in support of this premise contains a series of U.S. Supreme Court decisions from the 1800's pre-dating the codification of the FAA.[1]

---

1 Magistrate Bernthal also cited to an Eleventh Circuit decision and a bankruptcy court decision from Texas, but neither case contains a discussion as to whether the FAA allows a Court to vacate in part.  *Bonar v. Dean Witter Reynolds, Inc.,* 835 F.2d 1378 (11th Cir. 1960); *In re Heritage Org., LLC,* 322 B.R. 285 (BRND. Tex. 2005).  In *In re Heritage,* the court simply states that "if the court concludes that the arbitrators exceeded their powers, the court may vacate an award or a portion of an award" but makes no citations to any supporting case law or statutory law and includes no additional discussion on this point.  In *Bonar,* the Court simply segmented the remedies awarded by the arbitrator and affirmed a portion of the award and remanded the issue of punitive damages to a new panel of arbitrators.

6

In resolving this issue in the Seventh Circuit, Black Beauty urges this Court to consider that the statutory grounds for vacatur are not the types of errors that could possibly be corrected by only striking portions of an arbitral award. A district court cannot remedy a situation wherein fraud, corruption, evident partiality or misconduct tainted the validity of the arbitration proceeding by simply striking portions of an arbitral award. These are fundamental flaws in the proceeding that affect the entirety of the outcome. The FAA does not recognize, for instance, a concept whereby an arbitrator is merely partly corrupt or only intermittently partial or fraudulent. Further, if an arbitrator issues an award that is not mutual, final or definite upon the subject matter of the arbitration, a district court cannot remedy the situation by substituting its judgment for that of an arbitrator. *See, Anr Advance Transp. Co. v. Int'l Bhd. Of Teamsters*, 153 F.3d 774 (7th Cir. 1998)(entering summary judgment sua sponte in favor of the defendant because "the court was not authorized to substitute its judgment for that of the arbitrator, even though plaintiff's suggested analysis of the contracts was not illogical.")

A U.S. Supreme Court decision also sheds light on this issue. *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29 (1987). In noting that it is a "very rare instance when an arbitrator's procedural aberrations rise to the level of affirmative misconduct," which is a ground for vacatur, the Court cautioned federal courts concerning their review of arbitral awards as follows:

> … as a rule the court must not foreclose further proceedings by settling the merits according to its own judgment of the appropriate result, since this step would improperly substitute a judicial determination for the arbitrator's decisions that the parties bargained for… Instead, the court should simply vacate the award, thus leaving open the possibility of further proceedings if they are permitted under the terms of the agreement. The court also has the authority to remand for further proceedings when this step seems

7

appropriate.

*Id.*(citing *Amalgamated Food & Allied Workers Union, Local 56 v. Great A & P Tea Co.,* 415 F.2d 185 (CA3 1969)(vacating and remanding to the arbitrators for decision after finding the arbitrators declined to arbitrate the issues submitted); 9 U.S.C. § 10(e)("Where an award is vacated and the time within which the agreement required the award to be made has not expired the court may, in its discretion, direct a rehearing by the arbitrators.")).

### III.    CONCLUSION

For all of the foregoing reasons, Vermilion's Complaint and Motion to Vacate Arbitration Award "In Part" should be dismissed.

Respectfully submitted,

ZIEMER, STAYMAN, WEITZEL & SHOULDERS, LLP

/s/ Jean M. Blanton
Jean M. Blanton, ARDC No. 6291404
20 NW First Street, Ninth Floor
P. O. Box 916
Evansville, Indiana   47706-0916
Phone:  (812) 424-7575
Fax:  (812) 421-5089
E-mail:  jblanton@zsws.com
Attorneys for Black Beauty Coal Company

### CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of February, 2008, I electronically filed the foregoing

8

pleading with the Clerk of Court using the CM/EFC system, which will send notification of such filing to the following:

Deborah G. Cole
DGCole Law
dcole@dgcolelaw.com

John Barr
Barr & Barr
Sej4barr@aol.com

Respectfully submitted,

ZIEMER, STAYMAN, WEITZEL & SHOULDERS, LLP

/s/ Jean M. Blanton
Jean M. Blanton, ARDC No. 6291404
20 NW First Street, Ninth Floor
P. O. Box 916
Evansville, Indiana   47706-0916
Phone:  (812) 424-7575
Fax:  (812) 421-5089
E-mail:  jblanton@zsws.com